Tracy A. Miller, SBN 015920
Douglas (Trey) Lynn, SBN 028054
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C., #00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Tracy.Miller@ogletree.com
Trey.Lynn@ogletree.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Angel A. Garcia, a single man,<br><br>Plaintiffs,<br><br>vs.<br><br>AVH Mortgage, LLC, an Arizona limited liability company; LoanDepot.com, LLC, a Delaware limited liability company,,<br><br>Defendants. | No. 2:18-cv-02590-JZB<br><br>**ANSWER** |

Defendants AVH Mortgage, LLC and loanDepot.com, LLC (collectively "Defendants"), for their Answer to the Complaint, respond and allege as follows:

## I. NATURE OF THE CASE

1. The allegations in paragraph 1 of the Complaint do not require a response. To the extent a response is required, Defendants deny the allegations.

2. The allegations in paragraph 2 of the Complaint do not require a response. To the extent a response is required, Defendants deny the allegations.

3. The allegations in paragraph 3 of the Complaint do not require a response. To the extent a response is required, Defendants deny the allegations.

## II. JURISDICTION AND VENUE

4. Defendants admit that this Court has jurisdiction over the subject matter and parties.

5. Defendants admit that this Court has supplemental jurisdiction over Plaintiff's State law claims.

6. Defendants admit that venue is proper.

## III. PARTIES

7. Defendants are without sufficient knowledge or information to respond to paragraph 7.

8. Defendants admits that Plaintiff was a Loan Consultant from on or around March 5, 2018 until on or around June 27, 2018. The remaining allegations of paragraph 8 call for a legal conclusion and therefore no response is required.

9. Defendants admit that Plaintiff's job title was Loan Consultant and otherwise deny the allegations in paragraph 9.

10. Defendants admit that Plaintiff was compensated at an hourly rate of $12.00 per hour and otherwise deny the allegations in paragraph 10.

11. Defendants admits that Plaintiff was a Loan Consultant from on or around March 5, 2018 until on or around June 27, 2018. The remaining allegations of paragraph 11 call for a legal conclusion and therefore no response is required.

12. Defendants admit the allegations in paragraph 12.

13. Defendants admit the first and second sentences of paragraph 13, but deny the third sentence of paragraph 13.

14. Paragraph 14 calls for a legal conclusion and therefore no response is required.

## IV. FACTUAL BACKGROUND

15. Defendants admit that loanDepot.com, LLC has more than 1,800 licensed loan officers nationwide, but otherwise deny the allegations in paragraph 15.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

16. Defendants admit that Plaintiff was a Loan Consultant from on or around March 5, 2018 until on or around June 27, 2018. The remaining allegations of paragraph 16 call for a legal conclusion and therefore no response is required.

17. Defendants admit that Plaintiff was compensated at the rate of $12.00 per hour and that he was eligible to receive commissions and bonuses, but otherwise deny the allegations in paragraph 17.

18. Defendants admit that Plaintiff received a monthly guarantee of $6,000 and deny the remaining allegations in paragraph 18.

19. Paragraph 19 calls for a legal conclusion and therefore no response is required.

20. Upon information and belief, Defendants admit the allegations in paragraph 20.

21. Paragraph 21 calls for a legal conclusion and therefore no response is required.

22. Defendants deny the allegations in paragraph 22.
23. Defendants deny the allegations in paragraph 23.
24. Defendants deny the allegations in paragraph 24.
25. Defendants deny the allegations in paragraph 25.
26. Defendants deny the allegations in paragraph 26.
27. Defendants deny the allegations in paragraph 27.
28. Defendants deny the allegations in paragraph 28.
29. Defendants deny the allegations in paragraph 29.
30. Defendants deny the allegations in paragraph 30.
31. Defendants deny the allegations in paragraph 31.
32. Defendants deny the allegations in paragraph 32.
33. Defendants deny the allegations in paragraph 33.
34. Defendants deny the allegations in paragraph 34.
35. Defendants deny the allegations in paragraph 35.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

| | | |
|---|---|---|
| 1 | 36. | Defendants deny the allegations in paragraph 36. |
| 2 | 37. | Defendants deny the allegations in paragraph 37. |
| 3 | 38. | Defendants deny the allegations in paragraph 38. |
| 4 | 39. | Defendants deny the allegations in paragraph 39. |
| 5 | 40. | Defendants deny the allegations in paragraph 40. |
| 6 | 41. | Defendants deny the allegations in paragraph 41. |
| 7 | 42. | Defendants deny the allegations in paragraph 42. |
| 8 | 43. | Defendants deny the allegations in paragraph 43. |

### V.   COUNT ONE

**(Failure to Properly Pay Overtime Wages – FLSA – 29 U.S.C. § 207)**

44. Defendants incorporate the preceding paragraphs as if set forth fully herein.

45. Paragraph 45 calls for a legal conclusion and therefore no response is required.

46. Paragraph 46 calls for a legal conclusion and therefore no response is required.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

### VI.   COUNT TWO

**(Unlawful Retaliation – FLSA – 29 U.S.C. § 215)**

50. Defendants incorporate the preceding paragraphs as if set forth fully herein.

51. Defendants admit the allegations in paragraph 52. [Plaintiff was non-exempt]

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

57. Paragraph 57 calls for a legal conclusion and therefore no response is required.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

### VII.   COUNT THREE

**(Failure to Pay Timely Payment of Wages under the Arizona Wage Statute)**

63. Defendants incorporate the preceding paragraphs as if set forth fully herein.

64. Paragraph 64 calls for a legal conclusion and therefore no response is required.

65. Paragraph 65 calls for a legal conclusion and therefore no response is required.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

### VIII.   COUNT FOUR

**(Violation of the Arizona Employment Protection Act)**

68. Defendants incorporate the preceding paragraphs as if set forth fully herein.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

### IX.   COUNT FIVE

**(Common Law Claim of Wrongful Termination against Public Policy)**

73. Defendants incorporated the preceding paragraphs as if set forth fully herein.

74. Defendants deny the allegations in paragraph 74.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

75. Defendants deny the allegations in paragraph 75.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendants and are Plaintiff's burden to prove:

1. Some or all Counts of the Complaint fail to state a claim or cause of action for which relief may be granted.

2. Plaintiff is not entitled to a three-year limitations period under 29 U.S.C. § 255(a) because even if he were able to prove an alleged violation of the FLSA, which Defendants expressly deny, any such violation was not willful within the meaning of the FLSA.

3. Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 260 because, at all times relevant to this action, Defendants acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor and the Industrial Commission of Arizona and had reasonable grounds for believing they did not violate the provisions of the FLSA.

4. Plaintiff's claims for overtime compensation and liquidated damages are barred or subject to offset by all wages paid or other compensation provided.

5. Defendants are entitled to an offset or credit against any amounts due (which are denied) of an amount equal to the amount it paid or overpaid Plaintiff, including but not limited to premium payments under 29 U.S.C. § 207(e).

6. The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of payment because Plaintiff was properly compensated for all time worked in accordance with the FLSA and because he was paid for additional time including, without limitation, time paid but not worked by Plaintiff.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

7. Plaintiff's claims for recovery of overtime compensation and liquidated damages are barred for hours allegedly worked without Defendants' actual or constructive knowledge.

8. The time for which Plaintiff seeks compensation is de minimis.

9. The preliminary and/or postliminary time for which Plaintiff seeks compensation is non-compensable. The claims for non-compensable time are barred by 29 U.S.C. § 254.

10. Some or all of the disputed time for which Plaintiff seeks recovery of wages purportedly owed was spent engaging in activities that were not compensable work under the FLSA and were not an integral and indispensable part of Plaintiff's principal activities.

11. Plaintiff's claims are moot.

12. Plaintiff's claims are barred by the doctrine of waiver and release, and accord and satisfaction.

13. Defendants are entitled to an offset or credit against any amounts due (which are denied) of an amount equal to the amount it paid, or overpaid, Plaintiff, including but not limited to severance payments and premium payments.

14. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to 29 U.S.C. § 255.

15. Plaintiff's claims, in whole or in part, are barred by the doctrines of laches, waiver, estoppel, and/or unclean hands.

16. Plaintiff's claims are estopped and/or barred by his own conduct from recovering any relief.

17. Plaintiff's claims are barred or subject to offset because the wages he was paid were intended to compensate them for all hours worked each week, regardless of the number of hours worked in a particular workweek.

18. Without assuming the burden of proof, Defendants complied with written regulations, orders, rulings, approvals, and interpretations of the United States

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

Department of Labor, and all recordkeeping requirements of the Fair Labor Standards Act.

19. Plaintiff's claim for common law wrongful termination is preempted by the FLSA and the Arizona Employment Protection Act.

20. Plaintiff fails to state a claim under the Arizona Employment Protection Act because the FLSA and Arizona Wage Statute provide remedies for violations of the statutes. A.R.S. § 23-1501(B).

WHEREFORE, having filed their answer and affirmative defenses to Plaintiff's Complaint, Defendants request:

A. That the Complaint be dismissed with prejudice, with Plaintiff to take nothing thereby;

B. That Defendants be awarded their attorneys' fees and costs incurred herein;

C. That Defendants be awarded post-judgment interest on the foregoing amounts at the maximum rate permitted by law; and

D. That Defendants be awarded such other and further relief as the Court seems just and proper.

DATED this 28th day of September 2018.

    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

    By    s/ Douglas (Trey) Lynn
        Tracy A. Miller
        Douglas (Trey) Lynn
        2415 East Camelback Road, Suite 800
        Phoenix, Arizona 85016
        Attorneys for Defendants

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF Systems for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Law Offices of
BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Ty D. Frankel (AZ Bar No. 027179)
tfrankel@bffb.com

Law Offices of
BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 756-7748
Patricia N. Syverson (AZ Bar No. 020191)
psyverson@bffb.com


    s/ Susan Stimson