IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Garcia, | Case No. CV-18-02590-PHX-JZB |
| Plaintiff, | **RULE 16 SCHEDULING ORDER** |
| v. | |
| AVH Mortgage LLC, et al., | |
| Defendant. | |

On _____, the Court held a Case Management Conference pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Joint Case Management Report. Based on the Case Management Conference and the Joint Case Management Report, the Court enters the following Case Management Order.

1. <u>Mandatory Initial Discovery Pilot Project</u>.

This case is subject to the Mandatory Initial Discovery Pilot Project ("MIDP") implemented by General Order 17-08. The parties must comply with the requirements of the MIDP, and need not make the initial disclosures required by Federal Rule of Civil Procedure 26(a). The parties have served their initial MIDP disclosures.

2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>.

The deadline for joining parties, amending pleadings, and filing supplemental pleadings is 60 days from the date of this Order.

3. <u>Discovery Limitations</u>.

Depositions shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure. The limits set forth in Rules 30, 31 and 33 of the Federal Rules of Civil Procedure govern the number of depositions and interrogatories. Each party may also propound up to 40 requests for production of documents, including subparts, and up to 40 requests for admissions, including subparts. The parties may increase the limitations set forth in this paragraph by written agreement, but such an increase will not result in an extension of the discovery deadlines set forth below.

4. <u>MIDP Responses and Fact Discovery</u>.

The deadline for final supplementation of MIDP responses and the completion of fact discovery, including discovery by subpoena, shall be August 16, 2019.[1] To ensure compliance with this deadline, the following rules shall apply:

    a. All depositions shall be scheduled to commence at least five business days prior to the discovery deadline.  A deposition commenced five business days prior to the deadline may continue up until the deadline, as necessary.

    b. All interrogatories, requests for production of document, and requests for admissions shall be served at least 45 days before the discovery deadline.

    c. The parties may agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil

---

[1] General Order 17-08 implements the MIDP and should be reviewed carefully. It requires parties to timely supplement their MIDP responses as new information is discovered. Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions. Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period will also be subject to sanctions.

Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

    d. The parties must state with specificity objections to interrogatories, requests for admissions, and requests for production. The Court will not consider "general" or "global" objections.

  5. <u>Expert Disclosures and Discovery</u>.

    a. Plaintiff(s) shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than March 15, 2019.

    b. Defendant(s) shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than April 12, 2019.

    c. Rebuttal expert disclosures, if any, shall be made no later than May 10, 2019. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

    d. Expert depositions shall be completed no later than June 21, 2019. As with fact witness depositions, expert depositions shall be scheduled to commence at least five business days before the deadline.

    e. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the applicable expert disclosure dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[2]

---

[2] A "treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Goodman v.*

f. An expert witness who has not been timely disclosed will not be permitted to testify unless the party offering such witness demonstrates that: (a) the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

g. Each party is limited to one retained or specifically employed expert witness per issue.

6. Discovery Disputes

a. The parties may not file written discovery motions without leave of Court.[3] If a discovery dispute arises, the parties must promptly contact the Court to request a telephonic conference concerning the dispute. The Court will seek to resolve the dispute during the telephonic conference, and may enter appropriate orders based on the conference. The Court may order briefing, if necessary.

b. Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal or telephonic consultation and sincere effort as required by LRCiv 7.2(j). Any briefing ordered by the Court must also comply with LRCiv 7.2(j).

c. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completing fact discovery, and will not entertain expert discovery disputes after the deadline for completing expert discovery.

---

*Staples The Office Superstore, LLC*, 644 F.3d 817 826 (9th Cir. 2011). Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*. For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

[3] The prohibition on "written discovery motions" includes any written materials delivered or faced to the Court, including hand-delivered "correspondence" with attachments.

- 4 -

7. <u>Dispositive Motions</u>.

a. Dispositive motions shall be filed no later than September 20, 2019. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

b. No party may file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without first obtaining permission, by joint telephone call, from the Court.

c. Failure to respond to a motion within the time periods provided in LRCiv 7.2 will be deemed consent to the granting of the motion, and the Court may dispose of the motion summarily pursuant to LRCiv 7.2

d. The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to LRCiv 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

8. <u>Good Faith Settlement Talks</u>.

All parties and their counsel shall meet in person and engage in good faith settlement talks no later than June 14, 2019. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. Upon completion of such settlement talks, and no later than seven days after the deadline set forth in the preceding sentence, the parties shall file a Joint Report on Settlement Talks. The Report shall (a) inform the Court that the parties engaged in good faith settlement talks; (b) state the outcome of such talks; and (c) indicate whether the parties need assistance from the Court in seeking settlement of the case. The parties shall promptly file a Notice of Settlement with the Court at any time when settlement is reached during the course of this litigation.

9. <u>Notice of Readiness for Pretrial Conference</u>.

Plaintiff(s) shall notify the Court that the parties are ready for scheduling a Final Pretrial Conference pursuant to Rule 16(e) of the Federal Rules of Civil Procedure. Plaintiff(s) shall file and serve this notice within 10 days after the dispositive motion

deadline, if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff(s) shall file and serve the notice within 10 days after the resolution of dispositive motions. The Court will then issue an Order Setting Final Pretrial Conference that instructs the parties concerning their duties in preparing for the Final Pretrial Conference. A firm trial date will be set at the Final Pretrial Conference.

      10.    <u>The Deadlines Are Firm Real</u>.

The parties are advised that the Court will enforce the deadlines set forth in this Order; the parties should plan accordingly.

      11.    <u>Briefing Requirements.</u>

        a.    All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

        b.    Citations in support of any assertion in the text shall be included in the text, not in footnotes.