# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel A Garcia, | No. CV-18-02590-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| AVH Mortgage LLC, et al., | |
| Defendants. | |

The Court enters this Scheduling Order pursuant to Rule 16(b) of the Federal Rule of Civil Procedure. On August 15, 2018, Plaintiff filed this action in this Court. (Doc. 1.) On October 3, 2018, the Court issued an Order setting the Rule 16 Case Management Conference for November 14, 2018 at 11:30 a.m. (Doc. 17.) On September 1, 2017, the parties submitted a joint report in compliance with Rule 26(f). (Doc. 18.) Based on the parties' report, the Court terminates the scheduled Case Management Conference and enters the following Scheduling Order.

1. <u>Mandatory Initial Discovery Pilot Project</u>.

This case is subject to the Mandatory Initial Discovery Pilot Project ("MIDP") implemented by General Order 17-08. The parties must comply with the requirements of the MIDP, and need not make the initial disclosures required by Federal Rule of Civil Procedure 26(a). The responses required by the MIDP have been exchanged.

2. <u>Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>.

The deadline for joining parties, amending pleadings, and filing supplemental

pleadings is **60 days** from the date of this Order.

3. <u>Discovery Limitations</u>.   Depositions shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure. Each party may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

4. <u>MIDP Responses and Fact Discovery</u>.

The deadline for final supplementation of MIDP responses and the completion of fact discovery, including discovery by subpoena, shall be **August 16, 2019**.[1] To ensure compliance with this deadline, the following rules shall apply:

a. Written Discovery: All interrogatories, requests for production of document, and requests for admissions shall be served at least **45 days** before the discovery deadline.

b. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

5. <u>Expert Disclosures and Discovery</u>.

a. Plaintiff shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **March 15, 2019**.

b. Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **April 12, 2019**.

c. Rebuttal expert disclosures, if any, shall be made no later than **May 10, 2019**. Rebuttal experts are limited to responding to opinions stated by initial

---

[1] General Order 17-08 implements the MIDP and should be reviewed carefully. It requires parties to timely supplement their MIDP responses as new information is discovered. Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions. Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period will also be subject to sanctions.

experts.

        d.     Expert depositions shall be completed no later than **June 21, 2019**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five business days before the deadline.

        e.     Disclosures under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure must include the identities of treating physicians and other witnesses who will provide testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witnesses will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.

        f.     An expert witness who has not been timely disclosed will not be permitted to testify unless the party offering such witness demonstrates that: (a) the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) such expert witness was promptly proffered for deposition. See Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005).

        g.     Each party is limited to one retained or specially employed expert witness per issue.

      6.     <u>Discovery Disputes</u>.

        a.     If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery

motions without leave of Court.[2]

      b.     Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

      c.     Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

7.    <u>Dispositive Motions</u>.

      a.     Dispositive motions shall be filed no later than **September 20, 2019**.

      b.     No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of court.

      c.     Statements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten pages in length, exclusive of exhibits.

      d.     The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

8.    <u>Good Faith Settlement Talks</u>.

All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **June 14, 2019**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this

---

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

litigation.

9. <u>The Deadlines Are Real</u>.

The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly. The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

10. <u>Briefing Requirements</u>.

a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

11. <u>Pre-motion Conference</u>.

The Court will hold a conference with the parties before motions for summary judgment are filed. The purpose of the conference will be to narrow issues and focus the briefing, and perhaps dispense with statements of fact under Local Rule 56.1. The parties shall exchange two-page letters describing any anticipated motions for summary judgment and responses, identifying the issues and claims on which summary judgment will be sought and the basis for the motions and response. The parties shall file these letters with the Court on or before **August 9, 2019**, and shall call the Court the same day to schedule a time for a pre-motion conference.

Dated this 13th day of November, 2018.

Honorable John Z. Boyle
United States Magistrate Judge