IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel A. Garcia,<br><br>      Plaintiff,<br><br>v.<br><br>AVH Mortgage, LLC, et al.,<br><br>      Defendants. | No.  CV-18-2590-PHX-JZB<br><br>**NOTICE AND ORDER FOR SETTLEMENT CONFERENCE** |

This case has been referred to United States Magistrate Judge Deborah M. Fine for a Settlement Conference.

**ALL PARTIES MUST READ AND COMPLY WITH**

**THE INSTRUCTIONS OF THIS ORDER**

The purpose of the Settlement Conference is to facilitate voluntary settlement of the case. The Settlement Conference will be conducted in such a manner as not to prejudice any party in the event a settlement is not reached. To that end, the offer and demand, or any communication relayed to the undersigned in confidence, will be kept confidential and will not be disclosed to any adverse party, absent express consent to do so. Rule 408, Federal Rules of Evidence, applies to all aspects of the Settlement Conference. All communications and information exchanged, to include Settlement Conference Memoranda, in and during the settlement process, not otherwise discoverable, will not be admissible in evidence for any purpose and shall not be used for any purpose outside the Settlement Conference itself. At the conclusion of the Settlement Conference, all

documents submitted and exchanged by the parties shall be returned, destroyed, or otherwise disposed of in the manner directed by the Settlement Judge upon the request of any party. Although the Court recognizes that there are exceptions to the confidentiality of the communications referenced above,[1] a party must seek permission from the Court in advance before dissemination of such confidences. This Order mandating the parties' corporate representatives' and insurers', if any, physical appearance is intended to increase the efficiency and effectiveness of the Settlement Conference by reducing the time for communication of offers and expanding the ability to explore the varied options for settlement, to give the adverse parties the opportunity to hear the rationale and arguments regarding the likelihood of success of the claims/defenses directly from the lawyers who will be trying the case, to meet the litigants themselves, and to hear first-hand the candid comments, if any, made by the Settlement Judge about the case and/or the judicial process. The physical presence, rather than the availability by telephone, of those individuals with the authority to settle cases, substantially increases the likelihood of settlement and leads to more meaningful negotiations.

Consequently, pursuant to the authority granted to the Court in, *inter alia*, 28 U.S.C. § 473(b)(5) and Rule 16(b), Fed. R. Civ. P., the parties and representatives of the parties with "full and complete authority"[2] to discuss settlement of the case **SHALL** physically appear at the date and time of the Settlement Conference unless expressly excused by the undersigned by timely motion and order issued prior to the subject Settlement Conference for good cause shown. *In re Novak,* 932 F.2d 1397, 1407 (11th Cir. 1991) (concluding that

---

[1] *See Ingram v. Oroudjian,* 647 F.3d 925, 927 (9th Cir. 2011).

[2] "Full and complete authority" within this Order means that the individual appearing for, or on behalf of, the Defendant(s) has the express authority and discretion to authorize the payment to, or accept the terms of, Plaintiff's(s') last settlement demand. "Full and complete authority" does not mean, however, that Defendant(s) or representative is required to pay such demand or any sum whatsoever. *Kothe v. Smith,* 771 F.2d 667, 669 (2nd Cir. 1985) (Rule 16 "was not designed as a means for clubbing the parties-or one of them-into an involuntary compromise."); *In re Novak,* 932 F.2d at 1406 n. 18.

district courts have inherent power to direct parties to produce individuals with full settlement authority at pretrial settlement conferences).

**IT IS ORDERED:**

1. Telephonic Status Conference is set on **Thursday, January 24, 2019, at 9:30 a.m.** before United States Magistrate Judge Deborah M. Fine, 602-322-7630. All counsel who will participate in the Settlement Conference shall participate in the Telephonic Status Conference. The Court will discuss the manner in which this Magistrate Judge conducts Settlement Conferences. In addition, counsel should be prepared to discuss any information which may assist the Court in helping the parties reach a fair resolution of issues pending before the Court. Counsel for Plaintiff shall initiate the conference call to Chambers.

2. All parties and their counsel who are responsible for the case **SHALL** physically appear before the undersigned Settlement Judge, 401 W. Washington St., Special Proceedings Courtroom, Second Floor, Phoenix, Arizona, on **Thursday, February 21, 2019, at 1:15 p.m.**

3. If the Defendants are an insured party, a representative of that party's insurer, with full and complete authority to discuss and settle the case, **SHALL** physically appear at aforesaid date and time. An uninsured or self-insured corporate party **SHALL** physically appear at aforesaid Settlement Conference through its authorized representative with full and complete authority to discuss and settle the case. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003), *amended by* 2003 WL 23353478 (D. Ariz. Oct. 3, 2003); *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001) (district judge acted well within his discretion by imposing a monetary fine payable to the Clerk of the District Court as a sanction for failing to prepare requested memorandum and deciding to send a corporate representative to ADR conference with limited authority); *Lockhart v. Patel*, 115 F.R.D. 44 (E.D. Ky. 1987) (in medical malpractice action, answer stricken for failure of insurance representative with authority to settle to appear at settlement conference).

4. Settlement conferences are often unproductive unless the parties have exchanged settlement demands and compromise offers before the conference and have made a serious effort to settle the case on their own.  Accordingly, before arriving at the Settlement Conference, the parties shall negotiate and make good faith efforts to settle the case without the involvement of the Court.

5. If a third person or entity asserts a substantial lien on any settlement monies for medical and hospital expenses and/or lost wages paid, such as a worker's compensation carrier or a health insurance carrier, arrangements shall be made to notify said person or entity of the Settlement Conference so that such person, entity, or its authorized representative may appear and participate in the Settlement Conference. Plaintiff's counsel shall promptly provide a true and complete copy of this Order to such person, entity or its authorized representative.  A.R.S. § 23-1023(c); *Stout v. State Comp. Fund*, 197 Ariz. 238, 3 P.3d 1158 (2000).

6. In the absence of a prior order by the undersigned to the contrary, copies of all Settlement Conference Memoranda shall be exchanged (unless otherwise ordered by the Court on motion of a party) between counsel, at least **five (5) business days before the Settlement Conference**.  Counsel shall provide a copy of all memoranda to their client(s) for review prior to the Settlement Conference and shall explain the Settlement Conference procedures to their clients before the Settlement Conference.

7. Each party shall provide the Court with the original of that party's Settlement Conference Memorandum, **at least five (5) business days before the Settlement Conference**.  The Settlement Conference Memoranda shall **NOT** be filed with the Clerk. The original Settlement Conference Memoranda shall be delivered directly to the chambers of U.S. Magistrate Judge Deborah M. Fine or e-mailed to the undersigned's chambers mailbox (fine_chambers@azd.uscourts.gov).[3]  If a party's memorandum with exhibits exceeds twenty-five (25) pages, a hard copy must be received by chambers **at least five (5)**

---

[3] This mailbox is not to be used as a general means of communication to the Court or its staff.

**business days before the Settlement Conference**.  Each memorandum shall address the following:

      a.    A brief statement of the facts of the case.

      b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded, including the citation to appropriate authorities; the reasonable damages allegedly incurred by Plaintiff and, if appropriate, Counterclaimant; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

      c.    A brief summary of the proceedings to date, including rulings on motions and motions outstanding, if any.

      d.    An estimate of the costs and time to be expended for further discovery, pretrial and trial, including past and future attorneys' and experts' fees.

      e.    A brief statement of the facts and issues upon which the parties agree and disagree.

      f.    Whether there is/are any distinct or dominant issue(s) which, if resolved, would likely aid in the disposition of the case.

      g.    The relief sought.

      h.    **Each party's position on settlement**, including the amount that the Plaintiff is currently willing to accept and Defendants are willing to offer and the history of past settlement discussions, offers, and demands.

      i.    Any objection to the procedure of separate and private caucuses with each party, the parties' representatives and the Settlement Judge during the Settlement Conference.

    8.    Each party's Settlement Conference Memorandum shall not exceed fifteen (15) pages exclusive of attachments and shall otherwise comply with LRCiv 7.1 and 7.2, Rules of Practice for the United States District Court for the District of Arizona.  Exhibits are not necessary and are limited to twenty-five (25) pages.  No responsive memorandum shall be permitted.

9. For purposes of finalizing a complete, final written agreement at the settlement conference, counsel for each party shall bring to the settlement conference a laptop computer and a flash drive. If there are any particular or special settlement agreement provisions that a party will require in the settlement agreement, those provisions shall be in the settlement memorandum or shall be provided by email to all other counsel at least 48 hours before the settlement conference. Those provisions should also be on the flash drive that counsel brings to the settlement conference.

10. Complete candor with the Court is required.

11. Absent good cause shown, if any party, counsel, or insurer's representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, including the failure to timely provide the Settlement Conference Memorandum, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, the Settlement Conference may be vacated and sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(B) and (C), Federal Rules of Civil Procedure, which may include the entry of default judgment, dismissal of the Complaint, and/or an award of reasonable attorney's fees and expenses and/or a finding of contempt. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989); *Lockhart v. Patel, supra.; Nick v. Morgan's Foods, Inc., supra.*

Dated this 6th day of December, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge