*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Angel A. Garcia, a single man,<br><br>Plaintiff,<br>v.<br><br>AVH Mortgage, LLC, an Arizona limited liability company; LoanDepot.com, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. CV-18-02590<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS LAWSUIT WITH PREJUDICE** |

Plaintiff Angel Garcia ("Garcia" or "Plaintiff"), and Defendants AVH Mortgage, LLC ("AVH") and loanDepot.com, LLC ("loanDepot") (collectively, "Loan Depot" or "Defendants"), by and through their respective counsel, file this Joint Motion to Approve the Settlement Agreement and Dismiss the Lawsuit with Prejudice. As explained below, the parties believe their settlement adequately and fairly resolves all of Plaintiff's claims, including the FLSA claims, and it is therefore appropriate for this Court to approve the Settlement Agreement.

**PRELIMINARY STATEMENT**

On August 15, 2018, Plaintiff filed his Complaint, alleging that Loan Depot failed to pay him overtime and all wages due in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Arizona Wage Statute, A.R.S. § 23-350 et seq. Plaintiff also alleged that Loan Depot engaged in unlawful retaliation under the FLSA and by its wrongful termination of his employment under Arizona law. Defendants denied those allegations and denied that they owed Plaintiff any compensation.

Counsel for the parties subsequently entered into settlement discussions, including attending a Settlement Conference before Magistrate Judge Deborah M. Fine and private mediation with Judge Lawrence Fleischman (Ret.). As a result of those formal discussions, and informal discussions between counsel, and based on discovery and damages calculations by the Parties, the Parties ultimately agreed to settle Plaintiff's FLSA overtime claims for $5,000. The Parties further agreed to pay $15,000 to Plaintiff's attorneys for Plaintiff's reasonable attorney's fees and costs and the remaining $50,000 to Plaintiff paid in settlement for damages for the FLSA liquidated damages and retaliation, and wrongful termination claims.

The parties have settled this dispute. The settlement of a FLSA case requires court approval or the approval of the U.S. Department of Labor. Here, there is no pending matter before the Department of Labor; consequently, the parties respectfully seek this Court's approval.

The seminal case on the settlement of FLSA cases is *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). As shown below, the United States District Court for the District of Arizona has cited that case with approval. The *Lynn's Food Stores* decision confirms, like the FLSA, that claims arising under the FLSA may be settled or compromised *only* with the approval of the District Court or the Secretary of Labor. The parties request that the Court approve their settlement, as set forth more fully in the Settlement Agreement and General Release ("Settlement Agreement") attached as Exhibit 1.

**DISCUSSION**

To ensure that the employer is relieved of liability in the context of a negotiated settlement agreement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor, as provided by 29 U.S.C. § 216(c), or must be approved by the District Court. *See, e.g., Villarreal v. Caremark LLC*, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016) (citing *Lynn's Food Stores* and approving FLSA settlement).

If a settlement reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the District Court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Such settlements must be fair. *Id.* at 1353.

In this action, Plaintiff alleges Defendants violated the FLSA by failing to pay overtime compensation and retaliating against Plaintiff. Plaintiff seeks damages for unpaid overtime, liquidated damages, damages for retaliation and wrongful termination, and costs and attorneys' fees. Defendants deny Plaintiff's allegations. The parties agree that there is a good faith dispute as to (1) whether any amounts are owed Plaintiff for overtime hours worked; (2) if such amounts are owed, how much overtime that Plaintiff worked; and (3) how such overtime amounts are to be calculated. The parties also agree that there is a good faith dispute as to the compensatory damages owed arising from the FLSA and wrongful termination claims. The parties have now agreed to settle these disputes and represent that the terms set forth in the Settlement Agreement are a good faith compromise of the contested issues.

The Settlement Agreement represents a fair and equitable resolution of this matter given the facts and legal issues of this case. The proposed distribution to Plaintiff is fair and equitable because the amount arrived at for Plaintiff takes into consideration the number of unpaid overtime hours allegedly worked and the applicable rates of pay. As part of the settlement of this FLSA action, Defendants have also agreed to pay Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). The settlement amount of $70,000

is inclusive of the back wages and liquidated damages allegedly owed to Plaintiff, compensation for Plaintiff's retaliation and wrongful claims, and attorneys' fees and costs.

This action will benefit the parties, especially in light of the uncertainty regarding Plaintiff's claims and Defendants' defenses. The settlement is the product of many discussions between counsel and other negotiations between the parties, including a settlement conference before a magistrate judge and mediation before a private mediator. It is not the product of fraud, but rather reflects an arms-length negotiation of their dispute.

The terms of the Settlement Agreement are contingent upon a finding by the Court that it approves the settlement as a fair and equitable resolution of this action. *Id.* at 1354. Accordingly, the parties respectfully request that the Court make such a determination with respect to the terms set forth in the Settlement Agreement and enter the proposed Order, filed concurrently herewith, granting the Joint Motion to Approve Settlement Agreement and Dismiss the Lawsuit with Prejudice.

DATED: August 27, 2019

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

  /s/ Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101

Attorneys for Plaintiff

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

  /s/ Tracy A. Miller (w/permission)
Tracy A. Miller
Douglas (Trey) Lynn
Esplanade Center III
2415 E. Camelback Road, Suite 800
Phoenix, Arizona 85016

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I, Karen Vanderbilt, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on August 27, 2019.

                                 /s/Karen Vanderbilt