# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

### A. Recitals

This Confidential Settlement Agreement and General Release ("Agreement") is entered into between Plaintiff Angel A. Garcia ("Garcia") and Defendants AVH Mortgage, LLC ("AVH") and loanDepot.com, LLC (collectively "Defendants"). Garcia and Defendants are referred to collectively as the "Parties."

**WHEREAS**, on or about August 15, 2018, Garcia filed a lawsuit against Defendants alleging claims of failure to pay overtime wages and unlawful retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215 (the "FLSA"), failure to pay wages under the Arizona Wage Statute, violation of the Arizona Employment Protection Act, A.R.S. § 23-1501, and common law wrongful termination in United States District Court for the District of Arizona, case number 2:18-cv-02590 (the "Lawsuit").

**WHEREAS**, the Parties agree that there exists a bona fide dispute under the FLSA regarding the wages paid to Garcia;

**WHEREAS**, the Parties have agreed upon a compromise settlement and now wish to forever resolve, settle, compromise, and end any and all claims in the Lawsuit and any other claims arising out of or in any way related to Garcia's employment with and employment termination from Defendants;

**WHEREAS,** the Parties intend the following to constitute the entire Agreement between them;

**WHEREAS**, the Parties realize the uncertainty, expense and time-consuming nature of litigation and desire to enter into a compromise agreement concerning all claims that were or could have been asserted in the Lawsuit; and

**WHEREAS**, Defendants deny the allegations in the Lawsuit, and specifically deny that they engaged in any form of intentional, negligent, unlawful, or wrongful discrimination, retaliation or other conduct against Garcia or that they failed to pay Garcia any wages he was owed.

**NOW, THEREFORE**, in consideration of the mutual obligations herein made and undertaken and the consideration specified herein, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree and promise to do the following:

### B. Release Provisions

#### 1. General Release of All Claims by Plaintiff

a. Garcia hereby unconditionally and irrevocably releases Defendants, and all of their current, future, and former parents, subsidiaries, companies, divisions, affiliates, owners,

shareholders, members, directors, officers, employees, attorneys, insurers, benefit plans, agents and independent contractors, and the predecessors, successors, and assigns of each of them, in their individual, corporate or official capacities (collectively, "Releasees"), from any and all claims, debts, obligations, demands, judgments, or causes of action of any kind whatsoever, whether known or unknown that Garcia or his heirs, executors, administrators, successors, or assigns ever had, now have, or may have had prior to the Effective Date of this Agreement (as defined in Paragraph I(1) below), for any action or omission by Releasees and/or due to any matter whatsoever relating to Garcia's employment or cessation of employment with Defendants and/or any of the Releasees (collectively, the "Claims"). Without limiting in any way the foregoing general release, this release specifically includes the following:

(i)     all Claims that were or could have been asserted by Garcia in the Lawsuit;

(ii)     all Claims that relate in any way to Garcia's employment with Defendants, the terms and conditions of Garcia's employment with Defendants, the cessation of Garcia's employment with Defendants, and any actions and/or omissions after the cessation of Garcia's employment with Defendants prior to the Effective Date of this Agreement;

(iii)     all Claims asserted by any other employee of Defendants in which Garcia has claimed or could claim any interest;

(iv)     all Claims, whether in tort, contract, by statute, or on any other basis, whether in law or in equity, whether civil, criminal, or administrative, whether known or unknown, for damages or monies owed by Releasees, including compensatory damages, emotional distress damages, pain and suffering, physical injury damages, punitive damages, liquidated damages, attorneys' fees, costs, and interest, including all claims for back pay, front pay, overtime pay, severance pay, notice pay, health benefits, disability benefits, workers compensation benefits, retirement benefits, all other benefits, vacation pay, holiday pay, sick pay, commissions, bonuses, relocation expenses, loans, expense reimbursements, benefits due under any collective bargaining agreement, or other monies due;

(v)     all rights and Claims under the following laws, as amended: the Age Discrimination in Employment Act; Section 1981 of the Civil Rights Act of 1866; Title VII of the Civil Rights Act; the Americans with Disabilities Act; the Federal Family and Medical Leave Act; the Worker Adjustment and Retraining Notification Act; the National Labor Relations Act; the Labor Management Relations Act; the Fair Credit Reporting Act; the Employee Retirement Income Security Act of 1974; the Genetic Information Nondiscrimination Act of 2008; the Health Insurance Portability and Accountability Act; the Occupational and Safety Health Act; the Equal Pay Act; the Uniformed Services Employment and Re-employment Act; Executive Orders 11246 and 11141.

(vi)     all rights and Claims under A.R.S. §41-1401 et seq.; A.R.S. §23-1501; and A.R.S. § 13-1202.

(vii)     all rights and Claims under any other federal, state or local law, regulation or ordinance, including for employment discrimination on any basis, hostile working environment, retaliation, wrongful discharge, retaliatory discharge, constructive discharge, unsafe working

conditions, breach of express or implied contract, breach of collective bargaining agreement, breach of implied covenant of good faith and fair dealing, detrimental reliance, promissory estoppel, defamation, negligence, negligent or intentional misrepresentation, invasion of privacy, interference with economic gain or contractual relations, and intentional and negligent infliction of emotional distress or "outrage."

(viii)   all rights and Claims under the FLSA. Garcia admits with this Agreement that he has been properly paid for all hours worked and received from Defendants all rights and benefits, if any, potentially due to him pursuant to the FLSA. Garcia states that he is aware of no facts (including any injuries or illnesses) which might lead to him filing of a workers' compensation claim against Releasees. It is the Parties' intent to release all claims that can legally be released but no more than that.

b.       Except as may be necessary to enforce this Agreement, or to seek a judicial determination of the validity of the waiver of ADEA claims, and to the fullest extent permitted by law, Garcia agrees not to permit, authorize, initiate, encourage, support, join or continue any lawsuit, administrative charges or complaints (including charges of discrimination), arbitrations or proceedings (collectively, "Proceedings") against any of the Releasees based in whole or in part on any Claim covered by this Agreement. Garcia represents that he has no pending Proceedings, whether internal or external, related to such matters, except for the Lawsuit. Notwithstanding the above, nothing in this Agreement shall be construed to prohibit Garcia from filing a charge with or participating in an investigation or Proceeding conducted by the EEOC, NLRB, or any state or federal agency. Neither does it prohibit or restrict Garcia from initiating communications directly with, or responding to any inquiry from, or providing testimony before, any state or federal regulatory authority. Garcia is not required to notify Defendants if Garcia has made such reports or disclosures, or to secure Defendants' permission to do so. However, by signing this Agreement, Garcia understands and agrees that he is waiving, to the maximum extent permitted by law, the right to receive any award of monetary or other benefits or any other legal or equitable relief whatsoever resulting from any such charge or proceeding by Garcia, anyone else on Garcia's behalf, or otherwise, unless this Agreement is invalidated. Garcia agrees to waive such personal relief, to the maximum extent permitted by law, even if it is sought on Garcia's behalf by an agency, a governmental authority, or a person claiming to represent Garcia or any member of a class.

c.       Garcia is advised that by entering into this Agreement, he does not waive rights or claims that may arise after the Effective Date of this Agreement.

## 2.  Total Release

Garcia understands, acknowledges, and voluntarily agrees that this Agreement is a total and complete release by him of any and all claims which he has against Releasees, including but not limited to the claims set forth in the Lawsuit, as of the Effective Date of this Agreement (as defined in Paragraph I(1) hereof), both known or unknown, even though there may be facts or consequences of facts which are unknown to Garcia.

## C. Order Approving Settlement, Sealing Agreement, Dismissal of Lawsuit, and Covenant Not to Sue

### 1. Court Approval and Dismissal of Lawsuit

The Parties shall file a joint motion seeking approval of this Agreement and for dismissal of the case with prejudice. Garcia represents that, other than the Lawsuit, he is not a party in any pending administrative charge, lawsuit, civil action, or claim of any kind against Defendants or any of their subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Garcia agrees to promptly dismiss the Lawsuit with prejudice, without costs, and waiving all rights of appeal, and further agrees to take all steps reasonably necessary to facilitate the dismissal with prejudice of the Lawsuit, including but not necessarily limited to joining Defendants in filing a Joint Stipulation of Dismissal of the Lawsuit. The Parties shall bear their own attorneys' fees and costs. This Agreement shall not become enforceable pursuant to its terms until the Court issues an order approving the Agreement and dismissing the Lawsuit with prejudice.

### 2. Covenant Not to Sue

Garcia agrees not to file or initiate a lawsuit in any court or initiate an arbitration proceeding asserting any of the Claims against any of the Releasees based on claims released by this Agreement. Garcia further agrees that he will not permit himself to be a member of any class in any court or in any arbitration proceeding seeking relief against the Releasees based on claims released by this Agreement, and that even if a court or arbitrator rules that he may not waive a claim released by this Agreement, he will not accept or be entitled to any money damages or other relief in connection with any other action or proceeding asserting any of the Claims against any of the Releasees based on claims released by this Agreement.

## D. Payment of Settlement Proceeds

### 1. Payment of Settlement Proceeds, Including Separate Checks for Wages, Compensatory Damages, and Fees

a.  In consideration for Garcia's agreement to all of the terms, conditions, and promises in this Agreement, Defendants agree to pay the total amount of Seventy Thousand Dollars ($70,000), in full and complete settlement of all claims that were or could have been asserted in the Lawsuit and any other claims that Garcia has or could have asserted in any other forum or proceeding that arose prior to the Effective Date (the "Settlement Payment"). The Settlement Payment shall be made and allocated as follows:

(i)  The gross sum of Five Thousand Dollars ($5,000.00), less lawful deductions and withholdings for all alleged lost wages, back pay, or front pay. Defendants shall issue Garcia an IRS Form W-2 in connection with this payment. This payment shall be made to Garcia.

(ii)  The sum of Fifty Thousand Dollars ($50,000.00) in settlement of all liquidated and compensatory damages. This sum shall be paid without any

deduction for taxes or other withholdings and reported as "other income" on IRS Form 1099-MISC (Box 3) as to Garcia and on IRS Form 1099-MISC (Box 7) as to Bonnett Fairbourn Friedman & Balint PC. This payment shall be made to Bonnett Fairbourn Friedman & Balint PC's trust account. Garcia hereby directs Bonnett Fairbourn Friedman & Balint PC to distribute this payment from its trust account to Plaintiff's assignee. Defendants owe no obligation to Plaintiff's assignee, and have no involvement in this or any other assignment.

(iii)    The sum of Fifteen Thousand Dollar ($15,000.00) made payable to Bonnett Fairbourn Friedman & Balint PC, which constitutes payment of Garcia's attorneys' fees and costs for the Complaint and therefore within the definition of 26 U.S.C. § 62(e) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code. This sum shall be paid without any deduction for taxes or other withholdings and reported as "other income" on IRS Form 1099-MISC (Box 3) as to Garcia and on IRS Form 1099-MISC (Box 7) as to Bonnett Fairbourn Friedman & Balint PC.

b.    Garcia acknowledges and agrees that the Settlement Payment and other commitments by Defendants set forth herein constitute good and valuable consideration for the general release and the other promises and terms in this Agreement and that the Settlement Payment is above and beyond any compensation and commitments to which he would otherwise be entitled absent execution of this Agreement. Garcia understands and agrees that he is not eligible for or entitled to any payments, wages, benefits, or remuneration from any of the Releasees, except as provided in this Agreement.

c.    Garcia acknowledges and agrees that: (i) he will bear sole and exclusive responsibility for penalties actually assessed or all of his tax liabilities, if any, which any taxing authority, federal or state, may ultimately determine is found to be owed by him for payments made pursuant to this Agreement; (ii) he shall indemnify and hold Defendants harmless from all claims, liabilities, demands, assessments, penalties, and interest, if any, which may be found to be owed by Defendants as a result of Defendants having made payment to or on behalf of Garcia hereunder; and (iii) Defendants have made no representations concerning the tax liability of the funds paid under this Agreement and therefore he has not relied upon any such representations. However, Defendants are responsible for calculating the corresponding share of Employer Taxes and paying all such taxes to the appropriate taxing authority for those portions withheld has income tax. To the extent any claims, liabilities, demands, assessments, penalties, and interest, if any, arise as a result of Defendants' Employer Tax obligation, that will remain Defendants' sole and exclusive responsibility.

d.    The Settlement Payment will be delivered to Garcia's counsel within 15 days of the Court's final Order dismissing with prejudice all claims filed against Defendants in the Lawsuit.

## E.  No Admission of Wrongdoing

The Parties agree that this Agreement does not constitute and shall not be construed as an admission by Defendants of any of the matters alleged in the Lawsuit or of any violation by

Defendants or any of the Releasees of any federal, state, or local law, ordinance, or regulation, or of any violation of any policy or procedure, or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be admissible or construed as admissible in any proceeding as evidence of liability or wrongdoing by Defendants or any of the Releasees. This Agreement may be introduced, however, in any proceeding to enforce the Agreement. Such introduction shall be pursuant to an order protecting its confidentiality.

### F. Plaintiff's Employment with Defendants

#### 1. No Application or Rehire

Garcia agrees that he is not currently employed by any of the Releasees. The Parties agree that the future employment or re-employment of Garcia by any of the Releasees is neither practical nor desirable. Therefore, Garcia agrees that he will not apply for or otherwise seek employment with any of the Releasees. In the event Garcia seeks employment, reinstatement, or assignment to work with any of the Releasees, whether by responding to an advertisement or any other form of solicitation or recruitment or otherwise, Garcia agrees that his response, application, assignment, or request for employment shall be deemed null and void, as if never made. In the event that, in contravention of the provisions of this Paragraph, Garcia is assigned to or hired or reinstated as an employee by any of the Releasees, Garcia agrees that this Paragraph provides grounds for Garcia's immediate termination without any legal recourse.

#### 2. Return of Company Property

Garcia represents and warrants that he does not have property belonging to Defendants in his possession or under his control, including but not limited to any files, computers, hard drives, thumb drives, keys, key cards, identification cards, materials, lists, documents, printouts, policies, manuals, equipment, furniture, passwords to computers or other electronic devices or databases.

### G. Confidentiality Provision

Garcia agrees not to divulge or release this Agreement or its contents, except to his attorneys, financial advisors, or immediate family, provided they agree to keep this Agreement and its contents confidential, or in response to a valid subpoena or court order. In the event Garcia receives a subpoena or court order requiring the release of this Agreement, its contents, or any Confidential Information, Garcia will notify Defendants' counsel sufficiently in advance of the date for the disclosure of such information to enable Defendants to contest the subpoena or court order, and Garcia agrees to cooperate with Defendants in any related proceeding involving the release of this Agreement or its contents or any Confidential Information. Nothing in this Agreement prohibits Garcia from providing any testimony pursuant to a subpoena or court order or initiating communications directly with, or responding to any inquiry from, or providing testimony before any federal, state, or local regulatory authority, as required by law or court order or regarding this Agreement or its underlying facts or circumstances. The foregoing cooperation provision does not require Garcia to contact Defendants regarding the subject matter of such communications before engaging in such communications.

## H.  Medicare/Medicaid

### 1.  Representation That No Injuries or Illnesses Involving Medical Expenses are Claimed

Garcia affirms, covenants, and warrants he has made no claim for illness or injury against, nor is he aware of any facts supporting any claim against, the Releasees under which the Releasees could be liable for medical expenses incurred by Garcia before or after the execution of this Agreement.

### 2.  Representations That No Medical Expenses Have Been Paid By Medicare

Because Garcia is not a Medicare recipient as of the date of this release, Garcia is aware of no medical expenses which Medicare has paid and for which the Releasees are or could be liable now or in the future. Garcia agrees and affirms that, to the best of his knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist.

### 3.  Release as to Medicare Private Right of Action

Employee agrees to waive any and all private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) et seq.

## I.  Miscellaneous Provisions

### 1.  Effective Date

This Agreement shall become effective immediately upon execution by the Parties (the "Effective Date").

### 2.  Non-Reliance

Garcia represents and acknowledges that in executing this Agreement he does not rely, and has not relied, upon any representation or statement by Releasees or any of Releasees' agents, representatives, or attorneys that are not set forth herein; that he has read this Agreement; that he understands all of its provisions; and that he had opportunity to consult with legal counsel in executing this Agreement.

### 3.  Successors and Assigns

This Agreement shall be binding upon and inure to the benefit of Releasees and their affiliates, successors, and assigns, and Garcia, his heirs, personal representatives, administrators, beneficiaries, and assigns.

### 4.  Not Construed Against Drafter

Garcia and Releasees acknowledge that no provision of this Agreement will be interpreted in favor of, or against, any of the Parties hereto because any such Party or its counsel participated in the drafting thereof or because any such provision is inconsistent with any prior draft hereof or

thereof. Each Party acknowledges such Party has participated in the negotiation of this Agreement and the drafting and preparation of this Agreement, and the Parties represent and warrant that they have not been coerced into entering into this Agreement, nor has any person or entity exercised any pressure or undue influence on such Party to enter into this Agreement.

### 5. Breach

In the event any party breaches this Agreement, the remaining provisions of this Agreement shall remain in full force and effect for the benefit of the non-breaching party.

### 6. Severability

The terms of this Agreement, including paragraph subparts, are severable, and if any part or subpart is found to be unenforceable, the other terms shall remain in full force and effect and are valid and enforceable.

### 7. Choice of Law

This Agreement shall be deemed executed in the State of Arizona, shall be governed by, and construed in accordance with the laws of the State of Arizona, without regard to any conflict of laws provisions. In the event Defendants are required to bring an action to enforce this Agreement, Defendants shall be entitled to reasonable attorneys' fees and costs expended in securing enforcement of its rights hereunder.

### 8. Entire Agreement

The Parties further represent and acknowledge that this Agreement constitutes the entire agreement between the parties, except as set forth herein. Any oral or written representations, prior agreements, or understandings not reflected in this Agreement shall have no force or effect, and are superseded by this Agreement.

### 9. Titles of Paragraphs

The titles of the various paragraphs are intended solely for convenience of reference, and are not intended and shall not be deemed for any purpose whatsoever to modify, explain or place any construction upon any of the provisions of this Agreement and shall not affect the meaning or interpretation of this Agreement.

### 10. Modification of Agreement

This Agreement may be changed only by agreement in writing signed by the party against whom enforcement of any waiver, change, modification, or discharge is sought.

### 11. Integration

This Confidential Settlement Agreement and General Release contains the entire agreement between the Parties and the terms of this Agreement are contractual and not a mere recital. All oral discussions and prior agreements are merged herein.

**12. Counterparts**

This Agreement may be executed in counterparts, each of which shall be deemed to be an original copy of this Settlement Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Settlement Agreement and of signature pages by facsimile transmission or other electronic means will constitute effective execution and delivery of this Settlement Agreement as to the Parties and may be used in lieu of the original Settlement Agreement for all purposes. Signatures of the Parties transmitted by facsimile or other electronic means will be deemed to be their original signatures for any purpose whatsoever.

**J. Additional Acknowledgements and Warranties**

By signing this Agreement, Garcia acknowledges that:

a.  Garcia has read this Agreement, is fully aware of and understands the terms of this Agreement and the legal effects of the Agreement, is voluntarily agreeing to those terms of his own free will, and intends to be legally bound;

b.  Garcia has chosen to execute this Agreement freely, without reliance upon any promises or representations made by Defendants other than those contained in this Agreement;

c.  Garcia further acknowledges that he had a reasonable period of time to consider this Agreement, and upon such consideration, has knowingly and voluntarily entered into this Agreement and accepts the benefits described herein in exchange for the terms of this Agreement that inure to the benefit of the Releasees, without duress, coercion, fraud, or undue influence;

d.  Garcia represents and warrants that no other person or entity has or has had any interest in the Claims referred to in this Agreement and that he has the sole and exclusive authority to sign this Agreement and receive the consideration specified in it, as applicable; and that he has not sold, assigned, transferred, conveyed or otherwise disposed of any of the Claims referred to in this Agreement.

e.  Garcia represents and warrants that he has not transferred or otherwise impaired, by bankruptcy or otherwise, his/her ability to sign a complete and binding release of any of the claims released by Garcia in this Agreement.

f.  Garcia represents that, except for the payments to be made and benefits to be provided under this Agreement, he is not owed any monies, salary, wages, overtime wages, commissions, bonuses, leaves of absences, or benefits by Releasees.

g.  Garcia represents and warrants that to the extent it is determined that any aspect or portion of this Agreement, including any aspect or portion of the release agreement in this Agreement, requires the approval of any court, agency or other body to be

effective, that he will cooperate fully with Defendants to secure that approval, and if requested will join in and support any such request for approval.

h.    Garcia expressly agrees that the Agreement resolves the issue of attorneys' fees and costs to which Garcia may be due as a "prevailing party."

8/23/2019
Dated this _____ day of August, 2019,

**ANGEL A. GARCIA**

DocuSigned by:

*Angel Garcia*

6147A3D95AB9426...

Angel A. Garcia

**DEFENDANT AVH MORTGAGE, LLC**

_____

By_____, its _____

**DEFENDANT LOANDEPOT.COM, LLC**

_____

By_____, its _____

ANGEL A. GARCIA

DocuSigned by:

Angel Garcia

8147A3D95AB9426...

Angel A. Garcia

DEFENDANT AVH MORTGAGE, LLC

By _LoanDepot.com, LLC_____ , its _Member___

Dan Peña, SVP

DEFENDANT LOANDEPOT.COM, LLC

By _Dan Peña_____ , its _SVP_