IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel A Garcia, | No. CV-18-02590-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| AVH Mortgage LLC, et al., | |
| Defendants. | |

Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement and Dismiss Lawsuit with Prejudice. (Doc. 50.) After review, the Court will grant the Motion.

**I.  Background.**

On August 15, 2018, Plaintiff initiated this action by filing a complaint alleging that Defendant Loan Depot failed to pay him overtime and all wages due in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Arizona Wages Statute, A.R.S. § 23-350 et seq. (Doc. 1.) Plaintiff further alleged that Defendants engaged in unlawful retaliation under FLSA by wrongfully terminating Plaintiff's employment under Arizona law. (*Id.*) Defendants denied all allegations. (Doc. 16.)

The parties subsequently engaged in settlement discussions, and ultimately agreed to settle Plaintiff's FLSA overtime claims for $5,000. (Doc. 50.) The parties further agreed "to pay $15,000 to Plaintiff's attorneys for Plaintiff's reasonable attorney's fees and costs

and the remaining $50,000 to Plaintiff paid in settlement for damages for the FLSA liquidated damages and retaliation, and wrongful termination claims." (*Id.* at 2.)

**II.    Discussion.**

Settlement of an FLSA case requires court approval or the approval of the U.S. Department of Labor. *See, e.g.*, *Villarreal v. Caremark LLC*, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016) citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). If a settlement reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the District Court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Such settlements must be fair. *Id.* at 1353.

Here, the parties agree that there is a good faith dispute as to (1) whether any amounts are owed Plaintiff for overtime hours worked; (2) if such amounts are owed, how much overtime that Plaintiff worked; and (3) how such overtime amounts are to be calculated. The parties also agree that there is a good faith dispute as to the compensatory damages owed arising from the FLSA and wrongful termination claims. The parties have agreed to settle these disputes and assert that the terms set forth in the Settlement Agreement (doc. 50-1) are a good faith compromise of the contested issues.

The Court finds that the Settlement Agreement represents a fair and equitable resolution to this matter. The settlement amount of $70,000 is inclusive of the back wages and liquidated damages allegedly owed to Plaintiff, compensation for Plaintiff's retaliation and wrongful termination claims, and Plaintiff's attorney's fees and costs. (Doc. 50 at 4.) The Settlement Agreement is the product of many discussions between counsel and other negotiations between the parties, including a settlement conference before a magistrate judge and mediation before a private mediator. There is no evidence that the agreement is the product of fraud, but rather reflects an arms-length negotiation of the parties' dispute.

Accordingly,

**IT IS ORDERED**:

1.    The parties Joint Motion to Approve Settlement Agreement and Dismiss

Lawsuit with Prejudice (doc. 50) is **granted**.

    2.    The Clerk is directed to terminate this action **with prejudice**.

Dated this 17th day of September, 2019.

                                                Honorable John Z. Boyle
                                                United States Magistrate Judge